DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the Lucas County Court of Common Pleas. There, appellant pled no contest and was found guilty of two counts of aggravated vehicular homicide and one count of failure to comply with a police order.
 {¶ 2} On July 2, 2000, patrolling Toledo police spotted a vehicle reported stolen. When police tried to stop the vehicle, the driver fled at high speed. Police gave chase until the stolen car turned the wrong way on a boulevard and collided with another car. As a result of that collision, the occupants of that car, Ricardo and Darlene Barney, were killed. The driver of the stolen vehicle, appellant Jacob Sisson, fled the scene on foot, but was later found hiding a short distance away.
 {¶ 3} On July 31, 2001, a Lucas County Grand Jury indicted appellant on two counts of aggravated vehicular homicide, failure to comply with a police order and receiving stolen property. Eventually, appellant pled no contest to the vehicular homicide and failure to comply charges. On November 9, 2001, the trial court sentenced appellant to two mandatory six-year terms of incarceration for the aggravated vehicular homicides and an additional four years for failure to comply. All of these sentences were ordered to be served consecutively. From this judgment and sentence appellant now brings this appeal.
 {¶ 4} Pursuant to Anders v. California (1967), 386 U.S. 738, appellant's court-appointed appellate counsel has filed an affidavit and a motion to withdraw, stating that she has carefully reviewed the record and researched the law pertaining to this matter and has been unable to find arguable grounds for appeal. Counsel, therefore, seeks leave to withdraw pursuant to Anders. According to counsel, she has advised appellant of her motion and notified him of his right to file his own brief on appeal. No such brief from appellant has been forthcoming.
 {¶ 5} Pursuant to Anders, appellate counsel has filed a brief setting forth two potential assignments of error:
 {¶ 6} "Issue One
 {¶ 7} "Whether the no contest plea entered by appellant was entered knowing, intelligently and voluntarily.
 {¶ 8} "Issue Two
 {¶ 9} "Whether the sentence imposed by the trial court was excessive."
 I. {¶ 10} We have carefully examined the plea colloquy and note, as did appellate counsel, that it was conducted in full and complete compliance with Crim.R. 11. Moreover, our further review of the complete record reveals nothing which would suggest that appellant's plea was not knowingly, intelligently and voluntarily entered. Accordingly, appellant's first potential assignment of error is without merit.
 II. {¶ 11} The trial court sentenced appellant to a mandatory six-year term of imprisonment for each of the aggravated vehicular homicides. This is within the mid-range of the sentencing options provided for second-degree felonies in R.C. 2929.14(A). The mandatory nature of the sentence is required by R.C. 2903.06(A)(2), (C). An additional four year term of incarceration was ordered for failure to comply with a police order, a third-degree felony pursuant to R.C. 2921.371(B), and (C)(5)(a)(i). This sentence is also in the mid-range pursuant to R.C.2929.14(A).
 {¶ 12} With respect to making these sentences consecutive, the court found that appellant was under community control when the offenses were committed, appellant's conduct caused great harm, resulting in two deaths, and that appellant's prior criminal history demonstrated that consecutive terms were necessary to protect the public, punish the offender, and would not be disproportionate given appellant's conduct and the danger he poses. These findings are supported by the record and are in conformity with R.C. 2929.14(E)(4). Additionally, the trial court stated that it had balanced these factors and considered the purpose of sentencing in accordance with R.C. 2911.11 and 2911.12 in fashioning its sentencing order.
 {¶ 13} Consequently, we conclude that appellant's second potential assignment of error is without merit.
 {¶ 14} Moreover, we have thoroughly and independently reviewed the record for other potential errors and conclude that the proceedings were free from procedural errors and conducted without infringement of appellant's rights.
 {¶ 15} Accordingly, we conclude that this case presents no arguable issues meriting review and this appeal is without merit. Appellant's counsel's motion to withdraw is, hereby, granted.
 {¶ 16} The judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., and George M.Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.